**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| Diane Ogle, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-00375 |
| | ) | |
| v. | ) | |
| | ) | |
| Country Hospitality Inc. d/b/a Radisson | ) | |
| Country Inn and Suites, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

<u>**COMPLAINT**</u>

Plaintiff, Diane Ogle ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Country Hospitality Inc. d/b/a Radisson Country Inn and Suites ("Defendant"), and in support states as follows:

<u>**NATURE OF PLAINTIFF'S CLAIMS**</u>

1.    This lawsuit also arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), for Defendant's age-based discrimination and harassment against Plaintiff in violation of the ADEA and retaliation against Plaintiff in violation of the ADEA.

<u>**JURISDICTION AND VENUE**</u>

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

3. Venue of this action properly lies in the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age, disability, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, resides in Cass County in the State of Michigan.

8. At all times material to the allegations in this Complaint, Defendant is a for profit organization doing business in and for St. Joseph County whose address is 420 University Drive, Mishawaka, IN 46545.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. The Defendant hired, Diane Ogle, at Country Hospitality Inc. d/b/a Radisson

Country Inn and Suites in or around 2017 as a Breakfast Manager, until she was unlawfully terminated on or around June, 2022, on the basis of her age (64 years old).

12. The Defendant subjected the Plaintiff to offensive, degrading and humiliating comments by her co-workers that referenced Plaintiff's age.

13. The comments made regularly by co-workers included but were not limited to, the Plaintiff's age and her physical appearance.

14. These were not off hand comments, or teasing this was a daily, severe and pervasive concerted effort to harass and humiliate the Plaintiff.

15. There was a clear preference for younger staff and personnel.

16. Defendant's reason for termination was pre-text and Plaintiff was unlawfully terminated because of her age (64),

17. Because of the Defendant's action the Plaintiff suffered the adverse employment action of losing her job.

18. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

19. Plaintiff suffered multiple adverse employment actions including, including but not limited to being terminated.

20. During the Plaintiff's employment, the Plaintiff had no disciplinary actions or write ups and was considered an exemplary employee.

21. The Plaintiff was qualified to perform the functions of a Breakfast manager and in that capacity had several years of experience, including with the Defendant in management.

22. In or around June 2022, and during the Plaintiff's shift, the Plaintiff's direct Supervisor, Mr. Allen Duncan, (younger) advised her that her employment was going to be

terminated because the Employer's Hotel Manager (female, name unknown) had advised him that the Plaintiff was "too old and wrinkly."

23.    The Defendant through Mr. Duncan advised the Plaintiff that "I'm giving you two weeks' notice so we can find someone to replace you."

24.    The Plaintiff was immediately distraught by the brazen discriminatory conduct.

25.    The Defendant's pre-textual reason to terminate the Plaintiff's employment was based solely on her age.

26.    The Defendant replaced the Plaintiff's position with a younger individual.

27.    The Defendant has discriminated against the Plaintiff on the basis of her age, 64 and retaliated against in violation of the Age Discrimination in Employment Act of 1967.

## COUNT I
### Age-Based Discrimination in Violation of the ADEA, 29 U.S.C. § 621, *et seq.*

28.    Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29.    Plaintiff is an individual within the scope and meaning of the ADEA, 29 U.S.C. § 621, *et seq.*, based upon her age, 64, at the time of her unlawful termination.

30.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of her age in violation of the ADEA.

31.    Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

32.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

33.    Defendant knew, or should have known of the unlawful discrimination and retaliation.

34.    Plaintiff suffered emotional pain and mental anguish as a direct result of

Defendant's unlawful discrimination and retaliation.

35.    Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

36.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

**COUNT II**
**Age-Based Harassment in Violation of ADEA, 29 U.S.C. § 621, *et seq.***

37.    Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

38.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her age, in violation of ADEA, 29 U.S.C. § 621, *et seq.*

39.    Defendant knew or should have known of the harassment.

40.    The age-based harassment was severe or pervasive.

41.    The age-based harassment was offensive subjectively and objectively.

42.    Plaintiff is a member of a protected class under ADEA, 29 U.S.C. § 621, *et seq.*, due to her age.

43.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Retaliation in Violation of ADEA, 29 U.S.C. § 621, *et seq.***

44.    Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

45.    Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

46.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful age discrimination which created a sufficiently severe or pervasive work condition in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

47.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

48.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

49.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the age-based discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

50.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of ADEA.

51.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**REQUEST FOR RELIEF**</u>

Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Front pay;

d.     Loss of benefits;

e.     Compensatory and punitive damages;

f.     Reasonable attorneys' fees and costs;

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of May, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*